John H. Pennock, J.
This is a motion by the defendant, Henry L. Diamond, in this declaratory judgment action by the Board of Commissioners of Rockland County Sewer District *310 No. 1, seeking an order of dismissal of the complaint. (CPLR 3211, subd. [a], pars. 6, 7.)
Plaintiff prays for declaratory judgment, declaring that, subsequent to April 15, 1971, plaintiff became eligible for State and Federal grants in aid for the construction of plaintiff’s Stage III sewer treatment facility, that defendant failed to certify plaintiff’s eligibility, although promising to do so, that defendant’s failure to certify plaintiff’s eligibility was a breach of trust, an abuse of power, and a violation of defendant’s obligation under the Pure Waters Bond Act of 1965 (L. 1965, chs. 176, 177 et seq.), that in reliance upon defendant’s statutory obligation, representations and other acts, the County of Rockland borrowed $5,000,000 and expended in excess of one half thereof, on portions of a treatment works which cannot be completed without eligibility certification by defendant, and funding by the defendant and the Environmental Protection Agency, a Federal regulatory agency, that the defendant abused his constitutional and statutory authority by impounding State and Federal funds appropriated for construction, and that the plaintiff, and its taxpayers, property owners and citizens, have been denied equal protection of the law, unjustly discriminated against. Plaintiff demands that defendant be directed to approve and fund plaintiff’s stage III, out of State and Federal moneys under defendant’s control.
Defendant has moved to dismiss the complaint for failure to state a cause of action by notice on the legal basis that an action for a declaratory judgment may not be maintained against a public official to review an exercise of administrative discretion.
The movant defendant demurred and no answer was served. Defendant’s brief states that his acts and failures to act were mere administrative determinations, that there are no constitutional questions involved, and that article 78, rather than declaratory judgment, is the appropriate proceeding.
The defendant, in support of its motion, submits legal arguments that an action for declaratory judgment does not lie against a State public official to review his discretionary administrative action or inaction.
The court is constrained at this juncture to agree on this point. (Industrial Group Serv. v. Canton, 24 A D 2d 1032.) Here the court held (pp. 1032-1033): “ Wliere it is sought to test the action or inaction of a public officer, CPLR article 78 provides the complete arsenal of remedies, whether by certiorari to review a discretionary act of the public official after exhaustion by administrative remedies * * * or by way of man- *311 damns to enforce a clear legal right when the public official has failed or refused to perform a duty enjoined by law. ’ ’
The court is not prone to dismiss a proceeding when a valid issue has been presented to it merely on the ground of technical error or selection of pleadings, particularly when any proceeding or action wherein the State is a party, it is strictly controlled by statute, and by article 78 of the CPLR. Perhaps a declaratory judgment action would be a proper primary pleading if a constitutional question were fairly presented by the plaintiff’s pleadings. Specifically the complaint avers denial of equal protection in paragraph 26b of the complaint which is merely a conclusion in law. The real genesis of the controversy is not the constitutionality of the enabling statute, but rather the question of whether the defendant acted capriciously, without or in excess of his jurisdiction, in violation of law and or breached the provisions of law, by his action or inaction. (Industrial Group Serv. v. Canton, supra.)
The plaintiff’s alleged illegal freeze and impoundment are also valid questions presenting a controversy which shall also be an issue determinable by an article 78 proceeding. Particularly when the plaintiff borrowed $5,000,000 and awarded contracts which involved great substantial sums of money.
Because of the important controversies raised by the complaint, the substantial sums committed by the plaintiff upon alleged reliance upon the various and sundry statutes pertaining to this important government function the court determines that the matter shall be considered an article 78 proceeding and upon the gleaning of the complaint, finds that the issues raised prevent a granting of the motion to dismiss the complaint and further determines that considering the complaint as a petition denies the motion to dismiss the petition. The converted complaint also survives this motion as the court has considered the motion as an objection in point of law (CPLR 7804, subd. [g]), and an answer shall be served within 20 days by the respondent. That the title of the matter shall be amended to comply with article 78. That the petitioner is granted 10 days to amend the petition and wherefore clause to comply with article 78. Further the court determines that the appendices of each brief may be added to the petition and answer as appropriate.
The court does not pass on petitioner’s point IV that “ Federal Courts have declared that the impoundment of funds authorized by Congress for specific programs, including the Federal Water Pollution Control Act, is illegal.” Whether this point *312 is applicable to the present controversy is a question which is not within the jurisdictional confines of this court. There may be a parallel between these proceedings at bar and the related Federal cases, but such contention must be tested on the plenary hearing. This issue should be explicitly pleaded in the amended petitions.
The court does determine that the petitioner does have standing to challenge these acts of the administrative discretion of the commissioner. Hidley and St. Clair do not apply here. (Hidley v. Rockefeller, 28 N Y 2d 439 and St. Clair v. Yonkers Raceway, 13 N Y 2d 72, cert. den. 375 U. S. 970.) The petitioner certainly is an aggrieved party as a contractual relationship is averred. It may be described as an intergovernmental relationship controlled by statutory and regulated guidelines, but it still is a contract which is the genesis of the plaintiff’s aggrievement.